NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

PETER MARCISIN, PETITIONER, v. E. I. DU PONT DE
NEMOURS & COMPANY, RESPONDENT.

**Alleged Injury to Wrist by Falling Into a Paint-mixing Vat—
Respondent Claimed Injury Resulted From Fall on Floor
While Intoxicated—Evidence Indicated That Injury Did Not
Occur as Petitioner Alleged—Intoxication Not Determined
Though There Was Evidence to Sustain Respondent's Con-
tention.**

For the petitioner, *Jerome Alper*.

For the respondent, *Abel Klaw*.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

The facts in this case show that the petitioner, Peter Mar-
cisin, was in the employ of the respondent on April 9th,
1925, at the respondent's plant, located at 256 Vanderpool
street, Newark, New Jersey, at the rate of thirty-six dollars
($36) per week; that, from the petitioner's testimony, he
sustained a fracture of his right wrist by falling into a
wooden vat or tub described as being, approximately, from
seven to nine feet in height and from five to six feet in
diameter, which contained an agitator, being a pole in the
centre of the tub or vat with wooden paddles extending
therefrom to the edge of the tub or vat, and which is made
to travel in a circular motion by means of an electric motor;
that, in attempting to stop the circular motion of the agi-
tator, the petitioner slipped into the tub or vat before he
had succeeded in stopping the same; that these events oc-
curred on the evening of April 9th, 1925, at about eight P.
M., and that at the time thereof the tub or vat contained a
quantity of paint described by the petitioner as being, ap-
proximately, two feet in depth.

That at the time when the petitioner slipped into the tub
or vat, as set forth above, the agitator was moving; that he
immediately climbed out of the same, tied a handkerchief
around his injured wrist, changed his clothes and reported
to the night superintendent at the respondent's plant; that

the night superintendent ordered him to go home and report to the plant physician the following morning for treatment.

The parties hereto stipulated that a physical examination of the petitioner discloses a permanent disability of ten per cent. loss of the right hand.

The petitioner then rested his case.

The night superintendent at the respondent's plant, called on behalf of the respondent, testified that the petitioner presented himself at about seven-thirty P. M. on the night of April 9th, 1925, and claimed to have sustained an injury to his right hand by virtue of having fallen on the floor while in the course of his employment. The night superintendent further testified that, in his opinion, the petitioner was in an intoxicated condition, and that he would have sent the petitioner home even if he had not displayed his injured hand; that the petitioner was dressed in his street clothes, that his hand was bandaged, and that his face and hands were free from any paint.

On the petitioner's own testimony there was some question as to whether he could have sustained the injury to his hand in the manner which he described. I am satisfied that if the petitioner had fallen into the tub or vat, as described by him, he would have sustained severe bodily injuries, and, in all probability, might have been killed by being caught in the rotary motion of the agitator which he described as being still in motion when he fell into the same. After hearing the testimony of the night superintendent, I am satisfied that the injury could not have occurred as described by the petitioner. I, therefore, deem it unnecessary to determine the question as to whether or not the petitioner was intoxicated at the time of the alleged injury, although convincing evidence to this effect was produced on behalf of the respondent. The petitioner has failed to satisfy me that he received the injury to his wrist while in the course of his employment with the respondent.

\*     \*     \*     \*     \*     \*     \*

And compensation is hereby disallowed.

HARRY J. GOAS,
*Deputy Commissioner.*